**F I L E D**

UNITED STATES COURT OF APPEALS

**OCT 16 2002**

FOR THE TENTH CIRCUIT

TOMI EDWARD JENNINGS, JR.,

     Petitioner - Appellant,

v.

VANCE EVERETT, Warden,
Wyoming Department of Corrections
State Penitentiary, in his official
capacity; WYOMING ATTORNEY
GENERAL,

     Respondents - Appellees.

No. 02-8033
D.C. No. 01-CV-59-B
(D. Wyoming)

### ORDER AND JUDGMENT *

Before **O'BRIEN** and **PORFILIO**, Circuit Judges, and **KANE**,** Senior District Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*     The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner-Appellant Tomi Edward Jennings appeals from the district court's order denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. In order to proceed on appeal, Jennings must obtain a certificate of appealability (COA) from this court. *See id.* § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Upon consideration, we deny COA and dismiss this appeal.

Jennings was convicted of escape from detention and received a six-to-nine year sentence. His conviction was affirmed by the Wyoming Supreme Court. In his appellate brief, which we construe as an application for a COA, he raises seven issues: (1) denial of access to legal materials and the right to self-representation; (2) lack of adequate notice of motion hearings; (3) improper exclusion of African-Americans from his jury; (4) denial of speedy trial; (5) denial of credit for time served; (6) improper alteration of trial transcripts; and (7) double jeopardy.

The Wyoming Supreme Court has already considered and decided each of these claims against Jennings. We owe a high level of deference to that court's decision, even at the COA stage. *See Barrientes v. Johnson*, 221 F.3d 741, 772 (5th Cir. 2000) ("[T]he determination of whether a COA should issue must be

made by viewing the petitioner's arguments through the lens of the deferential scheme laid out in 28 U.S.C. § 2254(d)."), *cert. dismissed*, 531 U.S. 1134 (2001). We may not grant relief on claims adjudicated on the merits in state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Having carefully reviewed the arguments Jennings raises, we conclude that he has failed to meet the standard required to obtain a COA. Jennings' application for a COA is therefore DENIED. His appeal is DISMISSED.

Entered for the Court

John L. Kane
Senior District Judge

-3-